Good morning, Your Honor. Joe Keefer for the Petitioner. Jonathan Flores with the Court's Commission. I'd like to reserve one minute for rebuttal. Sure. Your Honor, Mr. Flores asked today that the Court reverse the decision of the immigration judge and the Board of Immigration Appeals when it determined that he was ineligible for cancellation of removal, and asked you to remand this case for a full consideration of his application for cancellation of removal. We asked this for two reasons, Your Honor. First, the evidence submitted by the government on a conviction from the early 1990s, which allegedly made Mr. Flores ineligible for cancellation of removal, was insufficient as a matter of law. And second, the government's application of the stop-time rule in Section 1229b impermissibly, retroactively affects and changes earlier circumstances, and therefore is inappropriate in this case. Turning first to the issue of the California record in the conviction, I want to point the Court to probably the most important line on the page of that single-page document. Before we get there, you get to that point, you might just very briefly, and I know this is always difficult, but there is a serious question about our jurisdiction over this particular issue. Based on precedents of this Court as recent as 2006, this Court has determined that when reviewing an issue of eligibility for cancellation of removal, that decision of the immigration judge or the BIA is reviewed for substantial evidence. That was a standard that existed prior to the Real ID Act, and it is a standard that has been reaffirmed by this Court in a number of cases cited in the brief, in the Petitioner's brief, that that same standard still applies today in 2006. How does the Real ID Act, how does our decision in Ramadan affect this case? The Ramadan decision is there, but that does not say that. Well, I mean, it's there, but how does it go beyond that? How does that deal with it? I don't know that that is relevant or carries the day in this instance, because we also have the cases of Vera Villegas, Canales-Vargas, the Singh case. Actually, two of them, one from 2004 and one from 2006, that continue to reaffirm this idea of substantial evidence. We have cases from other circuits cited that talk about a de novo standard of review, and that's cited in the Petitioner's opening brief. I think the issue with that, though, is that case comes before the Real ID Act, so it's unclear how that standard still exists after. Well, the problem here is he's been convicted of an aggravated felony, correct? No, no, no, definitely not, Your Honor. In fact, initially, that's what was alleged by the government in the notice to appear. And the immigration judge decided after a series of hearings that there was, in fact, no aggravated felony. But then he was convicted of a controlled substance. Well, that's what's alleged in this case. And actually, Mr. Flores disclosed in his application that he may have been convicted of a controlled substances offense in 1995. The problem is the government turned around in a single-page document, produced what they claim to be evidence of a controlled substance conviction from 1993. And the most important line on that single-page document reads that all of the records prior to 2003 have been destroyed. Then maybe you need to correct something for my – according to my understanding of the record, he was convicted of controlled substance crime, the one in 1997. Well, yes, he was. Which didn't render him ineligible for cancellation of removal. But, you know, gets us back to the whole question of jurisdiction, Ramadan, and the standard of review, you know, the extent to which we can review these matters. But the issue concerning his eligibility for cancellation of removal turns on the 1993 conviction. And the immigration judge and the Board of Immigration Appeals' reading of that single-page document from the California State court. And the determination of eligibility for cancellation of removal is reviewed under a substantial evidence standard. As opposed to — Well, all right. Go ahead. No, go ahead. I was just going to say, as opposed to a discretionary review where they say, we've considered it, and we're deciding that we are not going to cancel your removal. That's a discretionary decision. But the immigration judge and the Board never reached that. They determined that he was ineligible for cancellation of removal. And that's a different question. That's a legal matter, which this Court is able to review. Why don't you tell us why, as a matter of law, this document from, what is it, December 8th, 2004, isn't sufficient? Well, the primary reason, Your Honor, is it never indicates on this single-page document of what offense Mr. Flores was allegedly convicted in 1993. It specifies that there's an arrest, and there's conviction, and it has a charge. But nowhere on the document does it link the charge to a particular conviction. We don't know what he was convicted of back in 1993, according to this document alone. It simply doesn't give us enough detail to do that analysis. When we look to Section 1229bd1 concerning cancellation of removal, there's a pretty detailed analysis that one must go through to find a conviction that makes somebody ineligible for cancellation of removal. You have to start in 1229bd1. That takes you to 8 U.S.C. 1182, which then takes you to 8 U.S.C. 802, which then takes you to 812. There's no way to conduct that analysis from this single-page document. There's no way to determine from this document that Mr. Flores was actually convicted of an offense which would make him ineligible for cancellation of removal. Well, that's possible in interpretation, is it not, that it shows this charge, gives the code citation, and then it says arrest conviction. It says 92093-11983. Why wouldn't that be an indication that he was convicted on 1193 of the charge that's specified by code number? Because, as we know from the criminal process, frequently people are ultimately convicted of charges that are far different from what they're charged with in the initial instance, that that the government starts with certain charges, but through plea agreements, through the development of evidence, they often end up at a conviction for a far different offense. And because of the lack of specificity on this form, there's no way to determine that the conviction at issue is one that would make Mr. Flores ineligible for cancellation of removal. And that is the reason for the Petitioner pointing out in the opening brief all of the other problems with the document, because this document must be read in the contents of its four corners. And that's why the most important line on the document is that all the records have been destroyed. Mr. Flores bears some burden for showing that he is eligible for cancellation of removal. And he does that by filling out his application. Then when the government comes in and tries to suggest, no, he's not eligible, they have then assumed a burden to try and demonstrate this lack of eligibility. This document doesn't do that. It doesn't carry that burden. I will also tell you, Your Honor, that based on some information in the record, this document is wrong. It's actually incorrect. I hesitate to go into too much detail because you have to rely on the rap sheet, which is that administrative record 154 and 155. Roberts, you can't trust these rap sheets. And I would agree with you, Your Honor. And that's why I believe that it also is not sufficient evidence to prove that the rap sheet. Great. I looked at the rap sheet, and I couldn't make it all line up, but it's, you know, it's worthless. But given that, if you were to take a look at it, and I want to say at the outset of this that I agree the rap sheet does not qualify as evidence sufficient to prove a conviction that would make him ineligible. But if you move down the form and you organize the entries, the 11-11173 offense appears to be something he was actually convicted of in 1995. The only offenses at issue in 1993 were 11-368 offenses, and then another count for 4390. I believe if you look at this rap sheet, which I don't think is evidence that this Court can rely on in this case at this point, but if you look at the rap sheet in reading the single-page California document, it's clear that the document not only lacks specificity, it's just wrong. And that's why Mr. Flores talked about a 93 or, excuse me, a 95 offense, and the form is misconstruing its own records, which, unfortunately, are destroyed. And that's the whole problem with this analysis. How do we go back to Mr. Flores and say, you've got to prove this eligibility without any real standard, but, oh, by the way, we've destroyed all the records that would help you prove that? And that's an unfair standard to hold Mr. Flores to. He disclosed what he had. It made him eligible, and the government's failed to show otherwise. Very briefly, the second issue has to do with the retroactivity and the government's manner of applying the stop-time rule in this case. As was shown in St. Cyr, followed up with the cases of Henry, Janeri, Mulholland, as district cases, this is not a transitional rule case. Mr. Flores' notice to appear came after the effective date in the new law, and nowhere does Congress explicitly state that under those circumstances you can reach back in time and retroactively grab an old offense and now use that to apply the stop-time rule. And for that reason, it's inappropriate in this case, and this should be remanded for consideration of his application. Okay. Thank you. We'll hear from the government. May it please the Court. Brian Byer on behalf of the Attorney General's Respondent. I'd like to begin by addressing some of the issues about the convictions. The Court has indicated there is a very serious question about jurisdiction here. We argued in our brief that the Court does not have jurisdiction because, although opposing counsel, or Mr. Flores' counsel, has posed this as a question of law, saying it's a matter of law, the conviction record is insufficient. In fact, it's simply a substantial evidence issue. He's arguing that the document does not contain sufficient information for the agency to have reached the conclusion that it did. Wouldn't that be a question of law, whether it's sufficient to have a document that is not specific as to the conviction? Well, Your Honor, the meaning of question of law for purposes of the Real ID Act is different from the way in which an attorney or a judge would ordinarily categorize something as a question of law versus a question of fact. It's a question of statutory construction. That's what the legislative history reflects. As Ramadan, the Ramadan decision notes, it's a question of law is intended to refer to a narrow range of statutory construction issues. The statute, in this case, that makes that record adequate proof of a conviction is, it's, it's INA section 240C3B. And the one that lists the documents that are permissible. That's correct. And the one that says one that's issued a record of a superior court, a record of a? That's correct. I can provide the language to the Court. I've got the text here somewhere. But basically, it's a list of various sorts of documents, including documents prepared by or under the direction of the court that reflect the existence of the conviction, the charge, the date of the conviction, and the sentence. And this document is – I can supply that to the Court. So if that's the case, you have what, in order to comply with the statute, you have to show something that reflects the conviction, right? That's correct. And if Mr. Kieffer – Isn't that a question of law as to whether this document reflects the conviction? Yes, Your Honor. Whether this particular document satisfies that statute would constitute a question of law. Now, that's not the issue that was presented to the Board, though. The issue that was presented to the Board was, I guess, the best way to characterize it is that this document simply is not reliable. Now, the question that is implicated by the – the – Well, but that ought to be enough to provide jurisdiction. And then when we're considering the question of the significance of the various entries and so forth, that – that would be a question of interpretation. But at least whether this document is sufficient under the statute would seem to me to be a question of law. Well, that's correct, Your Honor. I agree with you. However, the problem of exhaustion is not waived by the Real ID Act. The problem is that this issue was never presented to the Board. As I mentioned, the argument before the Board was the document simply wasn't reliable. It was handwritten, and it was created after the fact, you know, several years, and things like that. And in my 28J letter, I cited a recent decision of this Court that indicates that when there's a specific challenge to the sufficiency of the conviction record, that needs to be presented, you know, in clear terms to the Board so that it can address them. His appeal to the Board was pro se, correct? Correct, Your Honor. And it's – he lists three grounds. We're supposed to interpret a pro se appeal very generously. That's correct. The Court interprets pro se briefs. But that's a separate question from the other. He says in his first ground was DHS did – well, he seems to say DHS did meet their burden of proof on the 51395 conviction, which really means a 93, for California Health and Safety Code 11173A. Why doesn't that encompass what Judge Hunt was saying? Well, they're really different issues. And I think that – I mean, that's the conclusion, I know. But the Board has to be put on notice of really what the substance of the challenge was. And the brief to the Board was the government hasn't met its burden. Well, the government doesn't have a burden in the relief phase. We disagree with Mr. Flores' counsel that there's a burden shifting where simply filing an application carries the burden for proving eligibility for relief. Mr. Flores has the responsibility of demonstrating that he should be considered for this extraordinary relief. And he has all the information, and he should be able to retrieve the information much more easily than the government can because he was presumably a participant in these criminal proceedings and knows about it. He told his counsel more information, apparently, at the – than has been disclosed in this record. At the IJ hearing, his former counsel said, well, he got drug court and he was put on probation and it was maybe some sort of diversion or something. So Mr. Flores hasn't carried his burden here. He should come forward. He should disclose everything about his record and demonstrate that his case is of the And assuming that there is jurisdiction, how would you argue the case? On this issue? Yes. Oh, Your Honor, the fact is that – I mean, the common-sense rule is that a conviction follows an offense. And by law, Mr. Flores would have had to have accrued seven years of continuous residence prior to the offense. And it's quite plain if the conviction was before March 28, 1997, I think the specific data cited in my 20HA letter, his time was cut off. And it really doesn't matter if it was 95, 93, things like that. I will add, though, that I took a look at the rap sheet, too. I tried to figure out what was going on. And to the extent that it matters, I think that what explains the timing of all this is that – excuse me – Mr. Flores was arrested in April 1995 on additional drug charges after he was arrested in 1993 and went to court. And it's likely, my suspicion is – it's the only suspicion, it's not, I think, determinative here – that the conviction for violating 1173, which is what that in September of 1993. And the reason for that is that he was arrested on a charge of 11173 in 1995, and the rap sheet reflects that prosecution was rejected or something like that. I don't – I'm not an expert at reading these kinds of things. Kennedy. Why wouldn't he have established, reestablished the seven years requirement since that conviction of 1993? Then there was a conviction in 1997, Your Honor. Pardon? Then there was a conviction in 1997. So is that what broke the thing up? Well, our first – our position first is that once the continuous presence or – I'm sorry – continuous residence ends, it does not restart. Right. But even if you assume that it would restart under some theory, subsequent convictions stopped it again. So there hasn't been an unbroken seven-year continuous residence period without an offense, as I read the record. I don't have much time. I'd like to address the issue. So why do we have to worry about 1993, then? Well, Your Honor, it doesn't matter whether it's 93 or 95. As I mentioned, the critical point is that it occurred – Oh, but you say 97, does it? Well, the 97 conviction, though, the basis of his order of removal occurred after seven years had accrued. Yeah. So he had satisfied – but for his prior offenses. If the first crime that he had committed and resulted in conviction was in 97. So 1997 has nothing to do with it. It's seven years, is it? That's correct. The 97 conviction is solely the basis for the order of removal. Right. So we have to get to the 93 conviction, then, don't we? Pardon me? We have to base it on the 1993 conviction. Yes. Okay. Well, that's what the cancellation case depends on. Yeah. So if – and my question, then, is if the 93 conviction stood and there's an additional seven years that transpires after that, why isn't he eligible? Could you, Your Honor, repeat that question? Well, 1993 conviction would be a break if that's the case. But he's had seven years since 1993. And so there's no break in that seven years. Oh, yes, there is, Your Honor. The 1997 conviction broke presence. Yeah, but that was all after. No, no, Your Honor. Let me – I'm sorry. Let me clarify. You just said that. You just said that the 1997 conviction was after the seven years. That's correct. But I also said that if Mr. Flores had not committed the offenses that resulted in prior convictions, then he would have accrued seven years before – or he would have accrued seven years' presence before the offense that resulted in his conviction in 97. But having committed offenses prior to that and having them result in convictions, that's what cut off his time. And our first – our first – Well, that's what I'm trying to find out. What cut off his time? What cut off his time is – well, let me put it this way. Under the statute, his time is cut off as of the date of the commission of an offense that renders him subject to removal or inadmissibility. And in order to achieve – to have the immigration consequence, it must also be a conviction. Now, the offense is not exactly clear, as the argument to this point has established. It's not exactly clear what the date is. Of the commission. He committed the offense. Yes. But it's quite plain that a record from 95, reflecting that he had committed the offense, is adequate to establish that it occurred before the 19 – before the – before the seven years had passed. Now, I just – before you sit down, I just want to make sure I understand the government's argument with respect to Judge Hugg's first question about jurisdiction under Ramadan. As I understand what you said, you said that if you – if we look at his argument, whether this document is sufficient under the statute, that that's a legal question for us. Well, no, Your Honor. I'm sorry. Well, that's what you said. No. What I was – what I was attempting to explain is that if Mr. Kiefer had had an argument that the statute should be construed in such a way as to conclude that this is not an adequate record as a matter of law, then that would be one thing. That's essentially his argument, is that he's saying this document – It doesn't depend on the statute, though, Your Honor. This document is insufficient as a matter of law to satisfy the requirements of the statute. He has not – Because it doesn't have the specificity that you've just been going through with Judge Hugg. Correct. But, Your Honor, he has not advanced a construction of the statutes that would support him. You mean in his appeal to the BIA? In his appeal to the BIA. That's an exhaustion requirement. That's correct, Your Honor. But if he satisfies that exhaustion requirement, then your statement to Judge Hugg here in court was that if you frame the question the way counsel for Petitioner does, it would be a legal question, and we would have jurisdiction. Well, Your Honor, if there was – I'll put it this way. If there were two different ways of reading Section 240C3B, one way in which Mr. Flores would be able to show that there wasn't a conviction, that would be one thing. But really, in a way, 240C3B is kind of beside the point, because the issue here – I mean, Mr. Flores, as I understand it, has not contested that he was convicted. His challenge is to the adequacy of the document, to prove the elements of eligibility. And the government doesn't have the burden on that. Mr. Flores has the burden on that. And that's why it's – may I take a moment to address the retroactivity issue? One moment. I'll give you one additional moment. As the Court sees from the Fernandez-Vargas decision indicated in my 20HA letter, it's not the fact of the conviction that renders Mr. Flores ineligible for cancellation. It's that fact, plus the fact that he remained in the United States after April 1st, 1997, that attaches that consequence. The Supreme Court used the phrase attaching a consequence that he was powerless to undo, Mr. Fernandez-Vargas. And he wasn't in that case. And neither was Mr. Flores. Mr. Flores could have left the United States before April 1st, 1997, and he would not have been subject to the stop-time rule. As I indicated in my 20HA letter, he could have left, like, after March 28th and applied for Section 212C relief, the waiver of inadmissibility at the border, and not had the stop-time rule applied to him. It was his decision to remain here in the United States that is the act that led to the application of the stop-time rule. Thank you. No. Just add a minute. Go ahead. Excuse me, Your Honor. I was telling the clerk to add a minute to your ---- The challenge is tied to the statute. And the challenge was made right at the outset when the document was offered in evidence. I'm quoting from page 71 of the record from the attorney representing Mr. Flores at the hearing. It is not clear that he was actually convicted of that specific offense of 1173A. I mean, that issue about whether the document actually proves a conviction for an offense that would render him ineligible was raised from the very outset. And so what the statute says is you have to have something maybe that shows an arrest, that shows a conviction and a charge. But its interpretation of that statute, whether the charge shown on the piece of evidence has to be related to the conviction, that's what Mr. Flores is asking this Court to review and review this document and determine that, in fact, there is no evidence on the document that shows for what he was actually convicted. And if we don't know what he was convicted of back in whether it was 93 or 95, there's no way to evaluate whether it would disqualify him for cancellation of removal. And that's his point. And that is a legal question as the government, as you noted, has conceded. And they conceded a substantial evidence standard that this Court has used in post-Riale ID Act cases as recent as this year, 2006. As a matter of interpretation, why wouldn't the document that says the date of the charge, a slash, and another date, and then a showing of a particular code section, why wouldn't that mean that there would be a – why wouldn't that be a reasonable interpretation to find that he was charged on that date, convicted on that date of that offense? It's unreasonable because of all of the problems with the documents cited in the opening brief. This is somebody going back after records have already been destroyed and trying to construe what had happened as much as 10 years prior. And, in fact, if we look at the rap sheet, which I agree is difficult to read and I don't think is evidence that you can rely on to find some other conviction, the document's inaccurate because it only references an 1173 offense in 1995. Yet this Court is claiming in this document that he was convicted of an 1173 offense in 1993. If you look at the Court disposition in the rap sheet on 11993, it refers to two 11368 offense – or an 11368 offense and a 4930 offense. And it actually says in there, not convicted of these offenses, pled to a different charge, which goes to my argument that just because something is charged at one point doesn't mean that's what the individual is actually convicted of in the end. And it's because of all those inconsistencies and problems and all the things we don't know that this document is insufficient evidence of a conviction that would disqualify Mr. Flores for eligibility of cancellation of removal. And that issue of eligibility is the legal question that this Court can review. As opposed to discretionary, he was just denied cancellation. It's the eligibility and this document and the statute and the fact that it doesn't marry a conviction to a charge. Okay. That's beyond your one minute. Thank you.  Thank you.
judges: Hug, Merritt , Paez